UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption In Compliance With D.N.J. LR 9004(2)(c)**

In Re

RYAN TEICHER,

                    Debtor.

Chapter 7

Case No. 12-21917-RG

## OBJECTION TO THE DEBTOR'S MOTION
## SEEKING TO VOID THE LIEN OF BANK OF AMERICA, N.A.

Bank of America, N.A. ("*BofA*"), a judgment creditor in the above-referenced bankruptcy case, by and through its attorneys, Wilson Elser Moskowitz Edelman & Dicker, LLP, hereby submits the following objection to Ryan Teicher's (the "*Debtor*") Motion seeking to Void the Lien of BofA (the "*Motion*").

## PRELIMINARY STATEMENT

The Debtor's Motion claims that he is entitled to avoid the judgment liens of BofA against his residence pursuant to 11 U.S.C. § 522(f). The Debtor simply ignores the fact that he is only entitled to avoid a judgment lien to the extent that it impairs his exemption in the property. Here, there is no exemption because, by the Debtor's own admission in the Motion, he has no equity in his home. Accordingly, the Debtor should not now be permitted to utilize 11 U.S.C. § 522(f) to avoid BofA's judgment liens. BofA hereby objects to the Motion.

1465310.1

## BACKGROUND

### *BofA's Judgment Liens*

On or about June 23, 2009, BofA filed an action in the Federal District Court for the District of New Jersey, under Civil Action No. 09-cv-03068-MLC-LH (the "*Federal Action*"), against the Debtor and several other defendants (collectively, the "*Judgment Debtors*") in connection with certain defaulted commercial loans. On or about February 23, 2010 judgment was recovered by BofA in the Federal Action against the Judgment Debtors, jointly and severally, in the amount of $1,345,818.21 plus interest ("*Judgment 1*"). A duly authenticated copy of Judgment 1 was submitted for filing to the Clerk of the Superior Court of New Jersey in accordance with *N.J.S.A.* 2A:49A-28 and subsequently entered in the civil docket of the Clerk of the Superior Court as Judgment No. DJ 161747-10 on June 24, 2010. Another judgment in the amount of $646,133.33 plus interest ("*Judgment 2*", and collectively with Judgment 1, the "*Judgments*") was entered on June 14, 2010 in the Federal Action in favor of BofA and against the Judgment Debtors, jointly and severally. A duly authenticated copy of Judgment 2 was submitted for filing to the Clerk of the Superior Court of New Jersey in accordance with *N.J.S.A.* 2A:49A-28 and subsequently entered in the civil docket of the Clerk of the Superior Court as Judgment No. DJ 249669-10 on September 29, 2010. True and correct copies of the Judgments are attached hereto as **Exhibit A** and **Exhibit B**, respectively.

### *The Debtor's Admissions*

In connection with his Motion, the Debtor submitted a Certification stating, *inter alia,* that: (i) the value of his home located at 4 Round Hill Road, Scotch Plains, New Jersey (the "*Property*") as of May 7, 2012 (the "*Petition Date*") was $484,000; (ii) the mortgage amount on the Property was $567,000; and (iii) there is no equity in the Property.

1465310.1

## LEGAL ARGUMENT

### *The Debtor Is Not Etitled To Avoid BofA's Judgments*

Debtors have the burden of proving, by a preponderance of the evidence, that they are entitled to avoid a judgment creditor's lien. *See Conner vs. Wrobel*, 300 B.R. 644, 648 (Bankr. W.D. Pa. 2003). 11 U.S.C. § 522, *et seq.* allows a debtor to avoid a judicial lien on the debtor's property where such lien impairs an exemption to which debtor would otherwise be entitled. *See* 11 U.S.C. § 522(f); and *Menell vs. First National Bank of Boston (In Re Menell)*, 37 F.3d 113, 116 (3d Cir. 1994) (holding that a judicial lien is avoidable only to the extent that the lien impairs the debtor's exemption in the property.) A debtor's entitlement to an exemption is determined as of the date the debtor filed the bankruptcy petition. *See Walsh v. Helsel (In re Helsel)*, 326 B.R. 591, 602 (Bankr. W.D. Pa. 2005); *see also Wilding v. CitiFinancial Consumer Fin. Servs., Inc. (In re Wilding)*, 475 F.3d 428, 432-33 (1st Cir. 2007); and *Canfield v. Orso (In re Orso)*, 283 F.3d 686, 691-92 (5th Cir. 2002). An individual debtor may exempt up to $21,625 in value of the debtor's aggregate interest in real property that is used as the debtor's residence. *See* 11 U.S.C. § 522 (b) & (d)(1).

Here, the Debtor concedes that there was negative equity in the Property as of the Petition Date (totaling -$83,000) because the value of the Property was $484,000 and the first mortgage amount was $567,000, therefore, the Debtor should not be entitled to any exemption pursuant to 11 U.S.C. § 522 (b) & (d)(1). It follows that the Debtor is not entitled to avoid BofA's Judgments

1465310.1

under 11 U.S.C. § 522(f) where the Debtor is not otherwise entitled to an exemption. *See Simonson*

*v. First Bank of Greater Pittston (In re Simonson)*, 758 F.2d 103, 107 (3d Cir. 1985).[1]

## CONCLUSION

For all the above reasons, it is respectfully requested that Motion be denied.

WILSON ELSER MOSKOWITZ EDELMAN
& DICKER, LLP

Attorneys for Bank of America, N.A.

By: /s/ Tana Bucca
      TANA BUCCA

Dated: August 28, 2012

---

[1] The majority opinion in *Simonson v. First Bank of Greater Pittston (In re Simonson)*, 758 F.2d 103, 106 (3d Cir. 1985) held that absent some equity in property, lien avoidance under § 522(f) does not arise. The dissent in *Simonson*, which was expressly adopted by Congress in the Bankruptcy Reform Act of 1994, disagreed with the majority opinion, because only the first mortgage on the debtors' home was senior to the judicial liens that the debtors' were seeking to avoid and the Debtors' had equity in their home over and above the first mortgage. *Id.* at 107. In *Simonson*, the value of the debtors' home was $58,250, the amount of the first mortgage was $25,145.95, the amount of the judicial liens that the debtors' were seeking to avoid were $14,411.33, and the amount of the second mortgage was $41,314.84. *Id.* The dissent in *Simonson* went on to note that "[i]f the two mortgages were senior, . . . the judicial liens would not be avoidable under section 522 (f)."

1465310.1